TERESA GRANIERE MARCHIONNE *vs.* MAINE FELDSPAR COMPANY.

Androscoggin County. Decided March 12, 1913. Action brought under the provisions of Chapter 258, Public Laws of 1909, by a widow to recover damages for the instantaneous death of her husband while in the defendant's employ and alleged to have been caused by its negligence. Verdict for $2400. The case comes before the Law Court upon an exception to the refusal of a requested instruction, and upon a general motion for a new trial. *Held:*

1. By the express provisions of section 4 of chapter 258, Public Laws of 1909 the damages recoverable for the death of a person "shall be assessed with reference to the degree of culpability of the employer or of the person for whose negligence the employer is liable."

2. It was error to omit to instruct the jury in this case that the damages were to be assessed in accordance with the rule expressly prescribed in the statute under which the action was brought, and to instruct them that the damages were to be assessed upon the principle of compensation to the plaintiff for the pecuniary loss resulting to her on account of the death of her husband.

3. Although erroneous instructions are usually, and more appropriately, presented by a bill of exceptions, yet the law of the case may be examined upon a general motion that the verdict be set aside, and if it appears that a manifest error in law has occurred, and it does not appear that no injustice has resulted to either party, the verdict may and should be set aside as against the law.

4. It cannot be said in this case that no injustice has resulted to either party because of the erroneous instructions as to the rule for the assessment of damages. Assessed by the true rule they might have been more or less than those actually assessed by the jury. In the opinion of the court therefore, the verdict ought to be set aside that this error of law may be corrected.

5. Since the damages are to be assessed with reference to the degree of the culpability of the defendant and the evidence on that issue must be again presented, we deem it inexpedient to consider the exception, or other questions raised under the motion. Verdict set aside. *A. L. Kavanaugh,* for plaintiff. *Oakes, Pulsifer & Ludden,* for defendant.